UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FRED ANTHONY ARAGON,<br><br>                              Plaintiff,<br>    v.<br><br>HENDERSON DETENTION CENTER, et al.,<br><br>                              Defendants. | Case No. 2:23-cv-00682-ART-NJK<br><br>ORDER |

Plaintiff, who is incarcerated in the custody of the Henderson Detention Center, has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983, and has filed three applications to proceed *in forma pauperis*. (ECF Nos. 1-1, 6, 7, 8). The Court now addresses the applications and screens Plaintiff's civil rights complaint under 28 U.S.C. § 1915A.

### I.    IN FORMA PAUPERIS APPLICATIONS

Before the Court are Plaintiff's applications to proceed *in forma pauperis*. (ECF Nos. 6, 7, 8). Based on the information regarding Plaintiff's financial status, the Court finds that Plaintiff is not able to pay an initial installment payment toward the full filing fee pursuant to 28 U.S.C. § 1915. Plaintiff will, however, be required to make monthly payments toward the full $350.00 filing fee when he has funds available.

### II.   SCREENING STANDARD

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed.

*Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act ("PLRA"), a federal court must dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980).

While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by an incarcerated person may therefore be dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

### III. SCREENING OF COMPLAINT

In the complaint, Plaintiff sues Defendants Henderson Detention Center and Naphcare for events that took place while Plaintiff was incarcerated at the Henderson Detention Center. (ECF No. 1-1 at 1-2). Plaintiff brings two claims and seeks monetary and injunctive relief. (*Id.* at 4, 8).

The complaint alleges the following. On December 11, 2022, Plaintiff fell,

was knocked unconscious, and taken to a hospital. (*Id.* at 5). Plaintiff returned to the detention center four days later. (*Id.* at 2, 5). On December 16, 2022, the "provider" issued Plaintiff a lower tier and lower bunk restriction. (*Id.* at 5). However, nine days later, someone moved Plaintiff to the top tier even though he still had the lower tier and lower bunk restrictions. (*Id.* at 2). Plaintiff remained on the top tier for 46 days and then fell again on February 8, 2023. (*Id.*)

On February 8, 2023, the pill call nurse witnessed Plaintiff fall suddenly and hit his neck and head on the wall. (*Id.* at 6). The nurse asked if Plaintiff was okay, took his vitals, and rushed Plaintiff to the infirmary for an EKG. (*Id.*) After observing Plaintiff for 24 hours, someone took Plaintiff back to the top tier even though he had the lower tier and bunk restrictions. (*Id.*) In March 2023, Naphcare was planning to schedule an appointment for Plaintiff to see a neurosurgeon. (*Id.* at 7).

Plaintiff brings claims for negligence and safety concerns (claim 1) and negligence and medical issues (claim 2). (*Id.* at 3-4). As an initial matter, the Court dismisses Plaintiff's complaint without prejudice with leave to amend. Plaintiff has not stated any colorable claims against the two defendants he identifies in this complaint.

### A. Named Defendants

Plaintiff identifies two defendants in this case but none that he states claims against. First, the Court dismisses Defendant Henderson Detention Center with prejudice as amendment would be futile. Plaintiff cannot sue the Henderson Detention Center. The statute that allows inmates to bring civil-rights actions like this one—42 U.S.C. § 1983—authorizes suits against a "person" acting under the color of state law only. As a result, courts routinely hold that jails and prisons are not persons who can be sued under § 1983. *See, e.g., Smith v. Charleston Cty.*, 2019 WL 2870406, at *1 (D.S.C. June 11, 2019) ("Courts have routinely held that inanimate objects such as buildings, facilities, and grounds,

such as the Sheriff Al Cannon Detention Center, do not act under color of state law and are not a 'person' subject to suit under § 1983."); *Brooks v. Pembroke City Jail*, 722 F.Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the [Pembroke County Jail] is not a person amenable to suit."); *see also Allison v. California Adult Authority*, 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin prison not "persons" subject to suit under § 1983). Accordingly, the Court dismisses with prejudice as amendment would be futile the claims against Henderson Detention Center because it is a building and not a person who can act or be sued.

Plaintiff also does not state any claims against Defendant Naphcare. "For purposes of claims brought under § 1983, a private entity like Naphcare is treated as a municipality" and is subject to *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). *Denson v. Gillespie*, No. 2:10-CV-00525-APG, 2015 WL 56037, at *2 (D. Nev. Jan. 5, 2015); *see Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139 (9th Cir. 2012) (holding that "the requirements of *Monell* do apply to suits against private entities under § 1983"). To make out a claim against a private entity under *Monell*, a plaintiff must show that (1) the private entity acted under color of state law, and (2) if a constitutional violation occurred, the violation was caused by an official policy or custom of the private entity. *Tsao*, 698 F.3d at 1139. Here, Plaintiff does not allege that any action taken in this case was due to an official policy or custom of Naphcare. The Court dismisses Defendant Naphcare without prejudice.

### B. Potential Claims

If Plaintiff chooses to amend, he should take note of the following. First, Plaintiff should follow the directions in the form complaint and describe exactly what each specific defendant, by name, did to violate his rights. Second, to the extent that Plaintiff is a pretrial detainee raising federal constitutional claims for conditions of confinement violations at the jail, he will want to look at the

Fourteenth Amendment's Due Process Clause.[1] Finally, if Plaintiff seeks to raise only state law claims, such as negligence, he should consider filing his lawsuit in state court.

### C.      Leave to Amend

Plaintiff is granted leave to file an amended complaint to cure the deficiencies of the complaint. If Plaintiff chooses to file an amended complaint, he is advised that an amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). Plaintiff's amended complaint must contain all claims, defendants, and factual allegations that

---

[1] **Failure to Protect:** A pretrial detainee states a claim for failure-to-protect against an individual officer under the Fourteenth Amendment if: (1) the defendant made an intentional decision with respect to the conditions under which the pretrial detainee was confined; (2) those conditions put the pretrial detainee at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) by not taking such measures, the defendant caused the pretrial detainee's injuries. *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016).

  **Inadequate Medical Care:** Pretrial detainees may raise inadequate medical care claims under the Fourteenth Amendment's Due Process Clause. *Gordon v. Cty. of Orange*, 888 F.3d 1118, 1124 (9th Cir. 2018). The Court evaluates these claims under an objective deliberate indifference standard. *Id.* at 1125. The elements of a pretrial detainee's Fourteenth Amendment inadequate medical care claim are:
> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Id.* The third element requires the defendant's conduct to be "objectively unreasonable," a test that turns on the facts and circumstances of each particular case. *Id.* A plaintiff must "prove more than negligence but less than subjective intent—something akin to reckless disregard." *Id.*

Plaintiff wishes to pursue in this lawsuit. Moreover, Plaintiff should file the amended complaint on this Court's approved prisoner civil rights form, and it must be entitled "First Amended Complaint."

The Court notes that if Plaintiff chooses to file an amended complaint curing the deficiencies, as outlined in this order, Plaintiff will file the amended complaint within 30 days from the date of entry of this order. If Plaintiff chooses not to file an amended complaint curing the stated deficiencies, the Court will dismiss this action without prejudice for failure to state a claim.

## IV. CONCLUSION

For the foregoing reasons, it is ordered that Plaintiff's applications to proceed *in forma pauperis* (ECF Nos. 6, 7, 8) without having to prepay the full filing fee are **granted**. Plaintiff will **not** be required to pay an initial installment fee. Nevertheless, the full filing fee will still be due, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act. The movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of fees or costs or the giving of security therefor.

It is further ordered that, pursuant to 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act, the Henderson Detention Center will forward payments from the account of **Fred Anthony Aragon, #5411359** to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. If Plaintiff should be transferred and become under the care of the Nevada Department of Corrections, the Henderson Detention Center Accounting Supervisor is directed to send a copy of this order to the attention of the Chief of Inmate Services for the Nevada Department of Corrections at formapauperis@doc.nv.gov, indicating the amount that Plaintiff has paid toward his filing fee, so that funds may continue to be deducted from Plaintiff's account. The Clerk shall send a copy of this order to the Finance

7

Division of the Clerk's Office. The Clerk will send a copy of this order to the **Henderson Detention Center Accounting Supervisor, P.O. Box 95050, Henderson, NV 89009-5050.**

It is further ordered that, even if this action is dismissed, or is otherwise unsuccessful, the full filing fee will still be due, pursuant to 28 U.S.C. §1915, as amended by the Prison Litigation Reform Act.

It is further ordered that the Clerk of the Court will file the complaint (ECF No. 1-1).

It is further ordered that the complaint (ECF No. 1-1) is dismissed in its entirety without prejudice with leave to amend.

It is further ordered that Defendant Henderson Detention Center is dismissed with prejudice as amendment would be futile.

It is further ordered that Defendant Naphcare is dismissed without prejudice from the complaint.

It is further ordered that, if Plaintiff chooses to file an amended complaint curing the deficiencies of his complaint, as outlined in this order, Plaintiff will file the amended complaint within 30 days from the date of entry of this order.

It is further ordered that the Clerk of the Court will send to Plaintiff the approved form for filing a § 1983 complaint, instructions for the same, and a copy of his original complaint (ECF No. 1-1).  If Plaintiff chooses to file an amended complaint, he should use the approved form and he will write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

///

///

///

It is further ordered that, if Plaintiff fails to file an amended complaint curing the deficiencies outlined in this order, the Court will dismiss this action without prejudice for failure to state a claim.

DATED THIS 22nd day of September 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE