UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

FRED ANTHONY ARAGON,

Plaintiff,

v.

HENDERSON DETENTION CENTER, et al.,

Defendants.

Case No. 2:23-cv-00682-ART-NJK

SCREENING ORDER ON FIRST AMENDED COMPLAINT (ECF No. 15)

Plaintiff, who is incarcerated in the custody of the Henderson Detention Center, has submitted a first amended civil rights complaint pursuant to 42 U.S.C. § 1983 ("FAC"). (ECF No. 15). The Court granted the application to proceed *in forma pauperis* in an earlier order. (ECF Nos. 1, 10). The Court now screens Plaintiff's FAC under 28 U.S.C. § 1915A.

## I. SCREENING STANDARD

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act ("PLRA"), a federal court must dismiss an

incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the court takes as true all allegations of material fact stated in the complaint, and the court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

"While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by an incarcerated person may therefore be dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II. SCREENING OF FAC

In the FAC, Plaintiff sues Defendants Officer Cortez, Officer Harris, and Dr. Vernon for events that took place while Plaintiff was incarcerated at the Henderson Detention Center. (ECF No. 15 at 1-2). Plaintiff brings two claims and seeks monetary and injunctive relief. (*Id.* at 4-5).

The FAC alleges the following. On December 11, 2022, Plaintiff had fallen, hit his neck and head, and was knocked out. (*Id.* at 3). Plaintiff was in the hospital from December 11 through 14, 2022. (*Id.*) On December 16, 2022, Dr. Vernon put Plaintiff on lower tier and lower bunk restrictions after Plaintiff returned from the hospital. (*Id.*) Plaintiff alleges that he was given no care other than Flexeril for pain. (*Id.* at 4).

However, on December 25, 2022, Cortez moved Plaintiff to the top tier without checking with a nurse or a provider. (*Id.* at 3). Plaintiff remained on the

top tier for 46 days until he "fell out again." (*Id.*) Jail officials took Plaintiff to the infirmary for observation. (*Id.*) Jail officials then put Plaintiff in the booking area for 24-hour observation and handcuffed him for 7 hours before clearing him to return to his cell. (*Id.*) Harris took Plaintiff back to the same top tier cell without communicating with the provider about Plaintiff's lower tier/lower bunk restrictions. (*Id.*)

After the second fall, Plaintiff received no care. (*Id.* at 4). In February 2023, jail officials took Plaintiff for x-rays but he received no care for the injury. (*Id.*) In March 2023, Dr. Vernon told Plaintiff that he was waiting for clearance to schedule Plaintiff for a neurology appointment. (*Id.*) On June 12, 2023, jail officials took Plaintiff to get an MRI but Desert Radiology would not give Plaintiff an MRI because of the bullets and fragments in Plaintiff's body from his prior gunshot wounds. (*Id.*) Dr. Vernon told Plaintiff to see his primary doctor after his release from detention on November 30, 2023. (*Id.*)

Plaintiff alleges failure to protect/threat to safety (claim 1) and inadequate medical care (claim 2). (*Id.* at 3-4).

After reviewing the original complaint, the Court presumed that Plaintiff was a pretrial detainee at the time of the events. (*See* ECF Nos. 10, 11). However, based on the allegations in the FAC and a review of Plaintiff's criminal docket sheet, Plaintiff appears to have been convicted and is serving his sentence in the Henderson Detention Center. Because Plaintiff is a convicted inmate, the Court analyzes his claims under the Eighth Amendment. *See Pierce v. Cty. of Orange*, 526 F.3d 1190, 1205 (9th Cir. 2008) (holding that the Eighth Amendment's bar against cruel and unusual punishment applies to convicted inmates while pretrial detainees are protected by the Fourteenth Amendment's Due Process Clause). The Court interprets Plaintiff's allegations as claims for Eighth Amendment unsafe jail conditions (claim 1) and Eighth Amendment deliberate indifference to serious medical needs (claim 2).

**A. Unsafe Jail Conditions**

The treatment a convicted inmate receives during incarceration and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. *Helling v. McKinney*, 509 U.S. 25, 31 (1993). The Eighth Amendment imposes duties on prison/jail officials to take reasonable measures to guarantee the safety of inmates and to ensure that inmates receive adequate food, clothing, shelter, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). To establish violations of these duties, the inmate must establish that prison/jail officials were deliberately indifferent to serious threats to the inmate's safety. *Id.* at 834. To demonstrate that a prison/jail official was deliberately indifferent to a serious threat to the inmate's safety, the inmate must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference." *Id.* at 837. Prison/jail officials may not escape liability because they cannot, or did not, identify the specific source of the risk; the serious threat can be one to which all inmates are exposed. *Id.* at 843.

The Court finds that Plaintiff fails to state a colorable claim at this time. Plaintiff alleges that Dr. Vernon assigned him to a lower tier and a lower bunk. However, based on the allegations, it does not appear that Cortez knew that Plaintiff had been assigned to a lower tier and a lower bunk for medical purposes. Plaintiff alleges that Cortez moved Plaintiff to a top tier without checking with a nurse or provider. As such, the allegations do not establish that Cortez knew that Plaintiff was supposed to be on a lower tier for medical purposes and then purposefully disregarded an excessive risk to Plaintiff. Additionally, Plaintiff does not allege that Harris knew that Plaintiff was supposed to be on a lower tier for medical purposes. Instead, Plaintiff alleges that Harris took Plaintiff back to Plaintiff's same top tier cell without communicating with the provider. As such,

Plaintiff does not allege that Cortez or Harris knew of and disregarded any excessive risks to Plaintiff. This claim is dismissed without prejudice with leave to amend.

**B. Deliberate Indifference to Serious Medical Needs**

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" *Estelle v. Gamble*, 429 U.S. 97, 102 (1976). A prison/jail official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled on other grounds by Peralta v. Dillard*, 744 F.3d 1076, 1082–83 (9th Cir. 2014).

To establish the first prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat [an inmate's] condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (internal quotations omitted). To satisfy the deliberate indifference prong, a plaintiff must show "(a) a purposeful act or failure to respond to [an inmate's] pain or possible medical need and (b) harm caused by the indifference." *Id.* "Indifference may appear when prison [or jail] officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison [or jail] physicians provide medical care." *Id.* (internal quotations omitted). When an inmate alleges that delay of medical treatment evinces deliberate indifference, the inmate must show that the delay led to further injury. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (holding that "mere delay of surgery, without

more, is insufficient to state a claim of deliberate medical indifference”).

The Court finds that Plaintiff fails to state a colorable claim for deliberate indifference to serious medical needs. Although Plaintiff conclusively states he received “no care” after both falls, his allegations seem to say otherwise. Based on the allegations, after Plaintiff’s first fall, jail officials took Plaintiff to a hospital. It is also unclear to the Court what other care Plaintiff thought he needed and what harm he suffered without that further care. Additionally, after the second fall, jail officials attempted to treat Plaintiff by giving him x-rays and trying to get him an MRI that ultimately did not happen. Plaintiff has not alleged what further care he needs and what harm he suffered without that further care. The Court dismisses this claim without prejudice with leave to amend.

## III. LEAVE TO AMEND

Although the Court grants Plaintiff leave to amend, it does not grant Plaintiff leave to amend in any way that he sees fit. Plaintiff has leave to amend to allege additional true facts to show Eighth Amendment unsafe jail conditions and deliberate indifference to serious medical needs. The Court does not give Plaintiff leave to assert new claims.

If Plaintiff chooses to file a second amended complaint, he is advised that a second amended complaint replaces the complaint and FAC, so the second amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that “[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original”); *see also Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (holding that for claims dismissed with prejudice, a plaintiff is not required to reallege such claims in a subsequent amended complaint to preserve them for appeal). This means that the second amended complaint must contain all facts and claims and identify all defendants that he intends to sue. He must file the second amended complaint on this Court’s

approved prisoner-civil-rights form, and it must be entitled “Second Amended Complaint.” Plaintiff must follow the instructions on the form. He need not and should not allege very many facts in the “nature of the case” section of the form. Rather, in each claim, he should allege facts sufficient to show what each defendant did to violate his civil rights. He must file the second amended complaint 30 days from the date of this order. If Plaintiff chooses not to file a second amended complaint curing the stated deficiencies, the Court will dismiss this action without prejudice.

**IV. CONCLUSION**

It is therefore ordered that the operative complaint is the FAC (ECF No. 15).

It is further ordered that the FAC is dismissed in its entirety without prejudice with leave to amend.

It is further ordered that, if Plaintiff chooses to file a second amended complaint curing the deficiencies of his FAC, as outlined in this order, Plaintiff will file the second amended complaint within 30 days from the date of entry of this order.

It is further ordered that the Clerk of the Court will send to Plaintiff the approved form for filing a § 1983 complaint, instructions for the same, and a copy of his FAC (ECF No. 15). If Plaintiff chooses to file a second amended complaint, he should use the approved form and mark “Second Amended Complaint” in the caption.

///

///

///

///

///

///

///

It is further ordered that, if Plaintiff fails to file a second amended complaint curing the deficiencies outlined in this order, the Court will dismiss this action without prejudice for failure to state a claim.

DATED THIS 9th day of November 2023.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE